New Orleans, La., November 11th, 1912.

————o————

### No. 5462.

### MRS. LUCILLE LACOUR, WIFE, ETC., vs. LOUIS KNOP, CIVIL SHERIFF; E. THOMPSON COMPANY, INTERVENORS.

### Syllabus.

1. All property bought during marriage in the name of husband or wife, or both, is presumed to be community property.

— 3 —

2. To establish the paraphernal character of the property, the wife must prove that the purchase was made with paraphernal funds not under the husband's administration and as a paraphernal investment.

Appeal from the Civil District Court, Division "B," No. 96,336, Hon. Fred. D. King, Judge.

A. Voorhies, P. L. Fourchy, for plaintiff and appellee.

Dinkelspiel, Hart & Davey, for defendant and appellant.

F. R. Richardson, for intervenor and appellee.

His Honor, HORACE L. DUFOUR, rendered the opinion and decree of the Court, as follows:

The intervenor, a judgment creditor of W. J. Durand, husband of the plaintiff, under a fi-fa seized a limousine automobile, in the possession of his judgment debtor. The plaintiff demanded the release of the property by affidavit that it was her separate property, but, the seizing creditor having given the Sheriff an indemnity bond, the seizure was maintained.

An injunction against the seizure was then obtained by plaintiff, and by intervention, the seizing creditor claimed that the seizure was proper and that the property belonged to his judgment debtor or to the community existing between him and his wife, the present plaintiff.

All property bought during marriage, in the name of husband or wife, or both, is presumed to be community property. To establish the paraphernal character of the property the wife must prove that the purchase was made with paraphernal funds not under the husband's administration and as a paraphernal investment.

The evidence in this case shows that the machine was purchased in New York by the husband in his own name and that the bill of sale was made out to him. He did not mention his wife's name to the vendors.

— 4 —

The wife says that she instructed her husband to buy the machine for her in New York with money amounting to eighteen hundred ($1,800.00) dollars, given to her 6 years before by her grand-mother and before her marriage, and that since that time she had kept the money in a jewelry box at her house, without investing it.

The grand-mother says that the machine was bought in New Orleans. It is also shown that the machine was in the possession of the husband and that he had negotiated for the sale of it as his own.

The evidence offered is not impressive and does not lead us any more than it did the District Judge, to the conclusion that the wife has sustained the burden of proof imposed upon her by law.

Judgment affirmed.

Opinion and decree December 18th, 1911.

Rehearing refused January 22nd, 1912.

Note by reporter:—(The original of the foregoing opinion is not in the Clerk's office. The above opinion is a verbatim copy of the opinion which the Clerk of Court sent to the lower Court, as a true copy of the original opinion.)

———o———